SHANNON LISS-RIORDAN, *pro hac vice* anticipated
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice* anticipated
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.C. IGLESIAS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>HOMEJOY, INC.,<br><br>            Defendant. | Case No. 15-1286<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked for Homejoy, Inc. ("Homejoy") as cleaners anywhere in the United States (other than California), during the past three years. Homejoy is a cleaning service that provides cleaners who can be scheduled and dispatched through a mobile phone application or via their website to customers at their homes.

2. As described further below, Homejoy has misclassified Plaintiff and other similarly situated cleaners as independent contractors and, in so doing, has violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay them overtime for all time worked. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees (other than those who have worked within the state of California) who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

3. Plaintiff J.C. Iglesias further complains, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of other similarly situated Homejoy cleaners throughout the United States (other than California), that Defendant has violated various provisions of the California Labor Code, including: (1) Cal. Labor Code §2802 by requiring cleaners to pay various expenses that should have been borne by the employer, and (2) Cal. Lab. Code §§1194, 1198, 510, and 558 by failing to pay overtime wages. Plaintiff Iglesias, on behalf of all similarly situated Homejoy cleaners (outside California), seeks restitution of all wages and expenses of which they were deprived, including cleaning supplies and equipment and gas and car maintenance for traveling between jobs, which they were required to bear in order to perform their jobs, and all other relief to which they are entitled.

## II. PARTIES

4. Plaintiff J.C. Iglesias is an adult resident of Phoenix, Arizona, where he worked as a Homejoy cleaner from May 2014 through November 2014.

5. Defendant Homejoy, Inc., ("Homejoy") is a Delaware corporation, headquartered in San Francisco, California.

## III. JURISDICTION

6. This Court has general federal question jurisdiction over plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 since the plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7. This Court has jurisdiction over plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

8. This court also has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

9. At least one member of the proposed class is a citizen of a state different from that of at least one defendant. Plaintiff's claims involve matters of national or interstate interest.

10. Citizenship of the members of the proposed class is dispersed among a number of states.

11. Venue is proper in this district under 28 U.S.C. § 1391.

## IV. STATEMENT OF FACTS

12. Homejoy is a San Francisco-based cleaning service, which provides cleaning services in cities throughout the country via an on demand dispatch system.

13. Homejoy offers customers the ability to request a cleaner on a mobile phone application or online through their website.

14. Homejoy' website advertises that customers can "If you are not completely satisfied with your cleaning, we will come back and re-clean it for free!"

3
COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

15. Although classified as independent contractors, Homejoy cleaners are employees. They are required to follow detailed requirements imposed on them by Homejoy and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding the quality of their cleaning and timeliness, and prohibiting them for working for other cleaning companies, or working for Homejoy customers outside of their work for Homejoy, etc.)

16. In addition, Homejoy is in the business of providing cleaning services to customers, and that is the very service that Homejoy cleaners provide. The cleaners' services are fully integrated into Homejoy's business, and without the cleaners, Homejoy's business would not exist.

17. However, based on their misclassification as independent contractors, Homejoy has required cleaners to bear many of the expenses of their employment, including expenses for their cleaning supplies and equipment, their vehicle, gas, and other expenses.

18. Cleaners receive an hourly rate while cleaning. Homejoy does not compensate cleaners for time spent traveling between jobs or for their supplies. Furthermore, cleaners are not paid overtime for all hours worked in excess of forty per week.

19. Pursuant to a contract that cleaners enter into with Homejoy, California law applies to claims brought by cleaners against the company.

## V.    THE NATIONWIDE COLLECTIVE ACTION

20. Plaintiff brings the first and second cause of action on behalf of himself and all other Homejoy cleaners who have worked for Defendant in the United States (except for California), between March 19, 2012, and the date of final judgment in this matter.

21. Plaintiff brings this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiff and other Homejoy cleaners are similarly situated in that they are all subject to

4
COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

Homejoy's common plan or practice of failing to pay overtime (one and a half times the regular rate) for all hours worked beyond forty (40) in a given week.

## VI. RULE 23 CLASS ALLEGATIONS

22. Plaintiff J.C. Iglesias brings the second and third causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Homejoy cleaners who have worked anywhere in the United States (except for California).

23. Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures and overtime wages.

24. The members of the class are so numerous that joinder of all class members is impracticable.

25. Common questions of law and fact regarding Homejoy's conduct in classifying cleaners as independent contractors, failing to reimburse them for business expenditures, and failing to pay them overtime wages exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Homejoy;

    b. Whether the work performed by class members—providing cleaning services to customers—is within Homejoy's usual course of business, and whether such service is fully integrated into Homejoy's business;

    c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their cleaning supplies and equipment, vehicles, gas, and other expenses.

26. Named Plaintiff J.C. Iglesias is a class member, who suffered damages as a result of Defendant's conduct and actions alleged herein.

27. Plaintiff Iglesias's claims are typical of the claims of the class, and he has the same interests as the other members of the class.

28. Plaintiff Iglesias will fairly and adequately represent and protect the interests of the class. He has retained able counsel experienced in class action litigation. His interests are coincident with, and not antagonistic to, the interests of the other class members.

29. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
**Unpaid Overtime Under the FLSA**

The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week.  Plaintiff worked at times in excess of forty (40) hours per week but was not paid premium pay for hours worked beyond 40 in a week.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and other damages. This claim is brought on behalf of a class of similarly situated individuals (outside California) who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of Cal. Lab. Code § 2802

Defendant's conduct, as set forth above, in misclassifying Homejoy cleaners (outside California) as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.

## COUNT V
### Violation of Cal. Lab. Code §§1194, 1198, 510, and 558

Defendant's conduct, as set forth above, in failing to pay Homejoy cleaners (outside California) overtime for all hours worked in excess of forty per week as required by California state law, violates Cal. Lab. Code §§1194, 1198, 510, and 558.

## JURY DEMAND

Plaintiff requests a trial by jury on all of their claims.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

a. Allow other similarly situated Homejoy cleaners throughout the United States (outside California) to receive notice and opportunity to opt in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

b. Certify a class action pursuant to Rule 23(b)(2) and (3) under Counts II and III and appoint Plaintiff J.C. Iglesias and his counsel to represent the class;

c. Declare and find that the Defendant violated FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay Plaintiff and other similarly situated cleaners overtime wages;

d. Declare and find that the Defendant violated Cal. Lab. Code §§2802, 1194, 1198, 510, and 558 by failing to reimburse the expenses of Plaintiff and the class and failing to pay overtime for all hours worked;

e. Award compensatory damages, including all expenses and wages owed, in an amount

according to proof;

f. Award all costs and attorney's fees incurred prosecuting this claim;

g. Award liquidated damages under the Fair Labor Standards Act;

h. Interest and costs;

i. Injunctive relief in the form of an order directing Defendant to comply with Cal Lab. Code § 2802 and the FLSA;

j. Such other relief as in law or equity may pertain.

Respectfully submitted,

J.C. IGLESIAS, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Matthew Carlson
Shannon Liss-Riordan, *pro hac vice* anticipated
Adelaide Pagano, *pro hac vice* anticipated
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated:      March 19, 2015