UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C. IGLESIAS, et al., | Case No.  15-cv-01286-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** |
| HOMEJOY, INC., | Docket No. 33 |
| Defendant. | |

Plaintiff J.C. Iglesias filed this collective and class action on behalf of individuals who have worked as cleaners for Defendant Homejoy, Inc.  The complaint alleges that Homejoy violated its employees' rights under both federal and state law by, *inter alia*, misclassifying cleaners as independent contracts, failing to pay overtime wages, and failing to reimburse for business expenses.  Currently pending before the Court is Mr. Iglesias's motion for entry of default.[1]  In spite of being served, Homejoy did not file an opposition to the motion.  Having considered the papers submitted, as well as all other evidence of record, the Court hereby **GRANTS** the motion for entry of default.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Iglesias initiated this lawsuit in March 2015.  *See* Docket No. 1 (complaint).  Counsel for Homejoy made an appearance in April 2015.  *See* Docket No. 13 (notice of appearance). Subsequently, the parties stipulated to, and the Court ordered, a stay of proceedings pending mediation.  *See* Docket Nos. 18-19 (stipulation and order).

In July 2015, the parties submitted another stipulation for the Court's consideration.  This

---

[1] Although the motion is technically captioned as a motion for default judgment, the substance of the motion reflects that it is actually a motion for entry of default.

United States District Court

For the Northern District of California

1   stipulation was an agreement between the parties that counsel for Homejoy could withdraw as

2   counsel.  *See* Docket No. 23 (stipulation).  The Court denied, without prejudice, the proposed

3   order permitting withdrawal, noting as follows:

> In any future filing, [counsel] shall demonstrate that it has obtained
> its client's informed consent to withdraw, and specifically informed
> its counsel of the possibility of default if replacement counsel is not
> timely obtained, and other possible negative consequences of
> withdrawal.  Homejoy shall certify that it has been so notified in
> detail, understands the risks, and agrees to the withdrawal.

8   Docket No. 24 (order) (emphasis added).

9   Thereafter, Homejoy's CEO submitted a declaration "to certify that Homejoy has given

10   [counsel] its informed consent to withdraw."  Docket No. 27 (Cheung Decl. ¶ 2).  The CEO

11   explained:

> Homejoy has made a decision to terminate operations and wind
> down its financial affairs.  In connection, Homejoy expects to enter
> into an Assignment for Benefit of Creditors under California law
> ("ABC") in the next two weeks.  Paul Hastings [counsel] has
> advised Homejoy of the possible negative consequences of Paul
> Hastings' withdrawal, including that, as a corporate entity, Homejoy
> cannot appear in the action without counsel; that accordingly, failure
> to retain replacement counsel and to timely respond to the
> Complaint could result in entry of a default judgment against
> Homejoy; and that the lifting of the stay pending mediation may
> trigger other litigation deadlines, including the need to respond to
> any discovery served by Plaintiff.  Paul Hastings has urged Homejoy
> to move quickly to locate new counsel, so that Homejoy can ensure
> a smooth transition of the case to new counsel.  Due to the
> impending ABC, Homejoy is not able to find replacement counsel
> for Paul Hastings at this time.  However, I have been informed that
> once HomeJoy enters into the ABC, the Assignee intends to appoint
> replacement counsel.

21   Docket No. 27 (Cheung Decl. ¶ 3).

22   Based on the declaration, the Court permitted counsel for Homejoy to withdraw.  *See*

23   Docket No. 28 (order).

24   In July 2015, Homejoy notified the Court through a status report that (1) it would be

25   terminating operations at the end of the month; (2) that it expected to enter into an Assignment for

26   the Benefit of Creditors under California law in August 2015; and (3) that it expected the assignee

27   to appoint replacement counsel.  Accordingly, Homejoy asked for the Court to extend the stay.

28   *See* Docket No. 29 (status report).  The Court granted the stay extension.  *See* Docket No. 31

**United States District Court**
For the Northern District of California

1   (order).  Under the Court's order, the stay expired on or about August 19, 2015.

2        Because no appearance of counsel was made after the expiration of the stay, Mr. Iglesias

3   filed the currently pending motion for entry of default on September 8, 2015.

## II. <u>DISCUSSION</u>

5        Entry of default is appropriate in the instant case for several reasons.

6        First, Homejoy was specifically advised that, as a corporation, it could not appear in this

7   action without counsel, *see* Civ. L.R. 3-9 (providing that a "corporation, unincorporated

8   association, partnership or other such entity may appear only through a member of the bar of this

9   Court"), and that failure to obtain counsel could lead to a default judgment.  While the Court has

10  accommodated Homejoy by, *e.g.*, granting a stay extension so that the anticipated assignee could

11  make an appearance through replacement counsel, the stay has now expired and no appearance has

12  been forthcoming.  Moreover, even though Mr. Iglesias served a copy of his motion for entry of

13  default on Homejoy, the Court has heard nothing from either Homejoy or any assignee.  Under

14  these circumstances, entry of default is proper.  *See, e.g.*, *Employee Painters' Trust v. Ethan*

15  *Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (holding that corporation's failure to comply with

16  local rule requiring a corporation to be represented by counsel "suffices to support the default

17  judgment against the corporation"); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245

18  (9th Cir. 1993) (holding that it was "perfectly appropriate" for a court to enter a default judgment

19  against a corporation that failed to retain counsel to represent it).

20       Second, under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is directed to

21  enter default against a party if it "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).

22  Here, in waiving service of the summons and complaint, Homejoy indicated its understanding that

23  it had an obligation to respond to the complaint after the expiration of the stay for mediation.  *See*

24  Docket Nos. 21-22 (waiver).  But now, even after that stay and the stay extension have passed,

25  Homejoy and/or any assignee have not made any attempt to respond to the complaint or otherwise

26  defend.  *Cf. Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (stating that "failure to make timely

27  answer to a properly served complaint will justify entry of default judgment").

28       Accordingly, Mr. Iglesias's motion for entry of default is granted.

The Court further orders as follows:

(1)     The Clerk of the Court shall immediately enter Homejoy's default.

(2)     Mr. Iglesias shall file a motion for default judgment within sixty (60) days from the date of this order.  The motion shall be served on Homejoy as well as the assignee (to the extent Mr. Iglesias has contact information for the assignee[2]).  Mr. Iglesias must address, in his motion for default judgment, the *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), factors.

(3)     Mr. Iglesias shall immediately serve a copy of this order on Homejoy and the assignee (again, to the extent Mr. Iglesias has contact information for the assignee).  Proofs of service must be filed within a week of the date of this order.

(4)     The Clerk of the Court shall provide a courtesy copy of this order to former counsel for Homejoy (Paul Hastings).

This order disposes of Docket No. 33.


**IT IS SO ORDERED**.


Dated: September 29, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[2] If Mr. Iglesias does not currently have contact information for the assignee, then he shall make a reasonably diligent effort to obtain the information, including, *e.g.*, contacting former counsel for Homejoy (Paul Hastings).

4